## AGREEMENT AND GENERAL RELEASE

**Georgia Auto Refinishing Products, LLC ("Georgia Auto")** and **Ignacio Gutierrez**, Employee's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1. **Employee's Employment With Georgia Auto.** Employee's employment with Georgia Auto ended on or about August 7, 2015.

2. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Georgia Auto agrees to pay to Employee a total of Six-Thousand, Five-Hundred Dollars ($6,500) according to the following schedule and breakdown:

    a. within ten (10) days after the Northern District of Georgia's approval of the Parties' Settlement Agreement, Georgia Auto will pay to Employee One-Thousand, Five-Hundred Dollars ($1,500) as wages, less lawful deductions.

    b. within ten (10) days after the Northern District of Georgia's approval of the Parties' Settlement Agreement, Georgia Auto will pay to Employee One-Thousand, Five-Hundred Dollars ($1,500) as non-wage income, to be reported as 1099 income.

    c. within ten (10) days after the Northern District of Georgia's approval of the Parties' Settlement Agreement, Georgia Auto will pay to Barrett & Farahany, LLP Two-Thousand, Nine-Hundred and Eighty Dollars ($2,980) as non-wage income, to be reported as 1099 income.

    d. within ten (10) days after the Northern District of Georgia's approval of the Parties' Settlement Agreement, Georgia Auto will pay to Barrett & Farahany, LLP Five-Hundred and Twenty Dollars ($520) in costs.

    In consideration for the payments expressed above, Employee's counsel agrees to file a dismissal with prejudice of Civil Action No. 1:15-cv-03090-TWT within three (3) days of Georgia Auto's final settlement payments included in this paragraph.

3. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4. **General and Mutual Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges Georgia Auto, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former Employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their Employee benefit plans and programs and their administrators and fiduciaries, as well as insurers (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or

unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Fair Labor Standards Act ("FLSA");

- The Equal Pay Act;

- Georgia AIDS Confidentiality Act – O.C.G.A.. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. §34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- The Georgia minimum wage, recordkeeping and payday statutes— O.C.G.A. §§ 34-4-3, 34-2-11 and 34-8-2;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.;

- any other federal, state or local law, rule, regulation, or ordinance

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise

participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

Releasees knowingly and voluntarily release and forever discharge Employee and agents thereof, of and from any and all claims, known and unknown, asserted or unasserted, which the Releasees have or may have against Employee and agents thereof, as of the date of execution of this Agreement and General Release.

5.     **Acknowledgments and Affirmations.** Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against Georgia Auto other than Case 1:15-cv-03090-TWT pending in the United States District Court, Northern District of Georgia.

Georgia Auto affirms that it has not filed, caused to be filed, or is presently a party to any claim or counterclaim against Employee.

Employee also affirms that Employee has not divulged any proprietary or confidential information of Georgia Auto, including information produced to Employee's counsel during confidential settlement negotiations and will continue to maintain the confidentiality of such information.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by Georgia Auto or its officers, including any allegations of corporate fraud.  Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.  To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with Georgia Auto because of, among other things, irreconcilable differences with Georgia Auto.

Employee represents that he has not received Medicare benefits for the treatment of emotional distress in connection with his claims asserted against Georgia Auto.  Employee further represents that, if he has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims asserted against Georgia Auto.

Employee hereby warrants and represents that he presently is not, nor has he ever been enrolled in Medicare Part A or Part B.  Employee further represents that, if he has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims in the action designated 1:15-cv-03090-TWT.  Further, Employee represents and warrants that he has no claim for Social Security Disability benefits nor is he appealing or re-filing for Social Security Disability benefits.

Employee agrees to indemnify and hold Georgia Auto and the other Releasees harmless from any claims of, or rights of recovery as a result of, any future payment which may be made by Medicare or any other entity for or on behalf of Employee for such future care.

Employee agrees to hold harmless Georgia Auto and the other Releasees for any loss of Medicare benefits or Social Security benefits Employee may sustain as a result of this Agreement and General Release. In addition, Employee agrees to release as part of this Agreement and General Release any right to bring any possible future action under the Medicare Secondary Payer Statute against Employee and the other Releasees.

Employee has been apprised of his right to seek assistance from legal counsel of his choosing or directly from the Social Security Administration or other government agencies regarding the impact this Release may have on Employee's current or future entitlement to Social Security or other governmental benefits. Employee acknowledges that acceptance of these settlement funds may affect Employee's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Employee desires to enter into this Agreement and General Release to settle her claims against Employer according to the terms set forth in this Agreement and General Release.

6. **Non-Disparagement.** The parties agree that they shall not make any oral or written statements, or engage in conduct of any kind, that disparages, criticizes, defames, communicates any false, negative or misleading information about one another, or any matter relating to Employee's relationship with Georgia Auto, and/or, to the extent relevant, the circumstances surrounding Employee's lawsuit against Georgia Auto, or otherwise casts a negative characterization upon the other party. The parties further agree that they will not assist anyone else in doing so, or direct or encourage another to do so.

7. **Return of Property.** Employee agrees to return to Georgia Auto any materials (including emails) of Georgia Auto's that are in his possession, custody or control.

8. **Governing Law and Interpretation.** This Agreement and General Release shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or to seek any damages for breach. Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

9. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

10. **Amendment**. This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

11. **Entire Agreement.** This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with

Employee's decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

By: _____
Ignacio Gutierrez

Date: 10/06/2015

Georgia Auto Refinishing Products, LLC

By: _____
Alan Popick
President

Date: 10/7/15

4815-1443-8441, v. 1